UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRIS L. WINNS,<br><br>              Plaintiff,<br><br>     v.<br><br>LOUIS DEJOY, Postmaster General, United States Postal Service,<br><br>              Defendant. | Case No.  21-cv-04264-VKD<br><br>**ORDER GRANTING IN PART AND DENYING PART DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 17, 21 |

Plaintiff Harris Winns, proceeding pro se, filed this action arising out of his claims of employment discrimination by the U.S. Postal Service ("USPS").  In prior administrative proceedings before the Equal Employment Opportunity Commission's Office of Federal Operations ("EEOC"), Mr. Winns successfully challenged two notices of removal on the ground that USPS failed to accommodate his religious practice of not working on Sundays.  However, in a subsequent decision, the EEOC limited the relief prescribed in its earlier decision.  Mr. Winns initiated the present lawsuit by filing what the Court construes as his operable complaint, essentially alleging that in limiting its earlier order for relief, the EEOC wrongfully relied on a third notice of removal and subsequent termination of employment.[1]  Mr. Winns claims that the third notice of removal and subsequent termination were fabricated by USPS and constitute unlawful discrimination and retaliation.  Dkt. No. 1.

USPS moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), arguing

---

[1] Mr. Winns's complaint is styled as a "Motion to Alter or Amend a Judgment (Rule 59, *et seq.*) and/or Relief From a Judgment or Order (Rule 60 *et seq.*) with Memorandum of Support."  Dkt. No. 1.

that Mr. Winns did not exhaust his administrative remedies as required for claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* USPS also contends that certain relief sought by his complaint is moot. Dkt. No. 17. In its reply brief, however, USPS acknowledges that the Title VII administrative exhaustion requirement is not jurisdictional in nature. *See* Dkt. No. 19 at 2 n.1; *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019) (stating that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). Accordingly, the Court treats USPS's motion to dismiss as one brought solely pursuant to Rule 12(b)(6) for failure to state a claim for relief. Mr. Winns opposes the motion.[2]

After USPS filed its motion to dismiss, Mr. Winns separately moved to amend his complaint. Dkt. No. 21. USPS opposes the motion to amend.

Both motions have been fully briefed, and the Court deemed the matters suitable for determination without oral argument. Civil L.R. 7-1(b); Dkt. No. 26. Upon consideration of the moving and responding papers, the Court grants in part and denies in part USPS's motion to dismiss and denies Mr. Winns's motion to amend his complaint.[3]

I.   **BACKGROUND**

The following facts are taken from Mr. Winns's complaint, along with certain other documents that, as discussed below, are either referenced in or appended to the complaint and central to Mr. Winns's claims or are otherwise subject to judicial notice. The Court does not take judicial notice of facts that are disputed, although for background purposes, certain disputed facts are set out below.

---

[2] With certain exceptions not applicable here, Civil Local Rule 7-3 provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[.]" Civil L.R. 7-3(d). After USPS filed its reply on its motion to dismiss, Mr. Winns filed a "Second Opposition" without leave of court. Dkt. No. 20. The Court has reviewed and considered Mr. Winns's unauthorized "Second Opposition," but does not condone his failure to comply with the Court's rules. Mr. Winns is advised that although he is representing himself, he is expected to adhere to rules that all litigants are required to follow. In the future, such unauthorized filings may result in sanctions, including the striking of his filings.

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 4, 16.

Mr. Winns previously was employed by USPS. In September 2014, he requested that he not be scheduled to work on Sundays, for religious reasons. Dkt. No. 1 ¶ 12. USPS subsequently issued two notices of removal (one on October 3, 2014 and another on October 30, 2014) after Mr. Winns failed to report for work on several Sundays. *Id.* & Exs. A, B, F. Mr. Winns administratively appealed the two October 2014 removal notices. *See* Dkt. No. 17-2, Ex. H at 155.[4]

Meanwhile, USPS says that in March 2015 it rescinded the October 2014 notices and instructed Mr. Winns to report back to work on March 30, 2015. USPS further contends that after Mr. Winns failed to return to work on March 30, 2015, it issued a notice of removal on May 4, 2015, and then terminated his employment, effective July 15, 2015, via a decision letter dated July 9, 2015. Mr. Winns disputes these assertions. He denies receiving any letter rescinding the October 2014 removal notices or instructing him to return to work. While it appears that Mr. Winns received documents concerning the May 4, 2015 removal notice at some point in time, he disputes USPS's contentions about its delivery and his receipt of those documents. *See* Dkt. No. 1 ¶¶ 34, 39, 44, 46. He alleges that USPS manufactured documentation regarding the rescission of his 2014 termination, the alleged offer to return to work, and the May 4, 2015 removal notice, and that USPS also fabricated circumstances regarding the subsequent July 2015 termination to make it appear as if "he refused to return when he supposedly was offered to do so." *Id*. ¶ 44.

On March 8, 2016, with regard to Mr. Winns's then-pending appeal of his 2014 termination, the EEOC remanded the matter to USPS, with directions to process Mr. Winns's discrimination claims and notify him of his right to contact an EEO counselor. Dkt. No. 17-2, Ex. H.

On April 4, 2016, Mr. Winns contacted an EEO counselor regarding not only the October 2014 removal notices, but also the July 2015 termination, alleging that the challenged actions were due to "discrimination on the basis of race, religion and retaliation[.]" Dkt. No. 17-2, Ex. F at 34. Although Mr. Winns contends that USPS's Ex. F contains a number of inaccuracies, for present

---

[4] All pin citations refer to the ECF page number that appears in the header of the cited document.

3

1    purposes, it does not appear to be disputed that Mr. Winns first contacted an EEO counselor on
2    April 4, 2016, claiming discrimination based on race, religion and retaliation.
3        On February 5, 2019, the EEOC found that USPS discriminated and retaliated against Mr.
4    Winns with respect to the October 2014 removal notices and his request for religious
5    accommodation. Relevant to the discussion here, the EEOC ordered USPS to retroactively
6    reinstate Mr. Winns to the position he would have held absent the unlawful discrimination and
7    retaliation; to pay him an appropriate amount of backpay; and to investigate whether Mr. Winns
8    was entitled to compensatory damages. Dkt. No. 1, Ex. E. Mr. Winns was directed to cooperate
9    in providing information to determine the amount of backpay owed. *Id.* In a subsequent decision
10   dated April 15, 2021, the EEOC awarded Mr. Winns $20 in pecuniary damages and $30,000 in
11   non-pecuniary damages, for a total award of $30,020. *Id.*, Ex. D.
12       Mr. Winns filed a petition with the EEOC to enforce the EEOC's February 5, 2019
13   decision. He claimed that USPS failed to reinstate him and to pay back pay as ordered. Dkt. No.
14   1 ¶ 36 & Ex. F.
15       On March 8, 2021, the EEOC issued a decision largely denying Mr. Winns's petition for
16   enforcement. Based on the record before it, the EEOC found that USPS rescinded the October
17   2014 notices, and that Mr. Winns's employment was terminated in July 2015 after he failed to
18   comply with instructions to return to work on March 30, 2015. Dkt. No. 1, Ex. F at 51, 52. In
19   addition, noting that Mr. Winns did not discuss the July 2015 termination in his appeal of USPS's
20   final agency decision, the EEOC stated that the February 5, 2019 decision Mr. Winns sought to
21   enforce did not address that issue. Ultimately, the EEOC concluded that in view of the July 2015
22   termination, which the EEOC noted was never overturned, USPS would not be required to
23   reinstate Mr. Winns's employment. *Id*. at 52. Additionally, the EEOC found that Mr. Winns
24   failed to cooperate with USPS in the calculation of his back pay and rejected his argument that he
25   was entitled to back pay up until the effective date USPS offers to return him to work. Instead, the
26   EEOC concluded that back pay would be limited to a period beginning sometime on October 22-
27   25, 2014 and ending on March 30, 2015. *Id*.
28       Mr. Winns filed the present lawsuit on June 4, 2021. He disagrees with the EEOC's March

1   8, 2021 decision. As noted above, he contends that both the 2014 and 2015 terminations

2   constitute unlawful discrimination and retaliation. He also contends that in limiting the relief

3   prescribed in its February 5, 2019 decision, the EEOC erroneously credited USPS's purported

4   rescission of the October 2014 termination and the proffered reasons for his July 2015 termination.

5   *See* Dkt. No. 1 at 2, 4, 6-13.

6   USPS moves to dismiss Mr. Winns's complaint pursuant to Rule 12(b)(6), arguing that Mr.

7   Winns failed to timely exhaust his administrative remedies with respect to the 2015 termination of

8   his employment. Mr. Winns separately seeks leave to amend his complaint. For the reasons

9   discussed below, the Court grants in part and denies in part USPS's motion to dismiss and denies

10  Mr. Winns's motion to amend his complaint.

11  **II.    USPS'S RULE 12(B)(6) MOTION TO DISMISS**

12      **A.    Legal Standard**

13  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

14  sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

15  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts

16  alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901

17  F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be

18  taken as true and construed in the light most favorable to the claimant. *Id*.

19  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover,

21  "the court is not required to accept legal conclusions cast in the form of factual allegations if those

22  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness

23  Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

24  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the

25  pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a

26  right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

27  (2007) (citations omitted). However, only plausible claims for relief will survive a motion to

28  dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if the facts pled permit the court to draw a

5

reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

### B.     USPS's Request for Judicial Notice

USPS requests that the Court take judicial notice of records pertaining to Mr. Winns's underlying termination and prior administrative proceedings, some of which are also appended to the complaint.

A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of matters of public record, including records and reports of administrative bodies. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999, 1001 (9th Cir. 2018). "In the context of employment discrimination cases in particular, it is well established that courts may consider the administrative record of a plaintiff's claims before the EEOC." *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015). But while a court may take notice of public records, it may not take notice of disputed facts stated in those records. *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

Mr. Winns does not object to USPS's request for judicial notice, and he does not appear to dispute the authenticity of some of the records submitted for judicial notice. Nevertheless, as discussed above, he disputes some matters stated within those records concerning USPS's purported rescission of his 2014 termination and the 2015 termination of his employment, including the legitimacy and authenticity of the underlying records. For purposes of resolving the present motion, the Court grants USPS's request for judicial notice only as to the EEO Alternative Dispute Resolution Specialist's Inquiry Report and only as to matters that do not appear to be disputed. Specifically, the Court takes judicial notice of the notation regarding the April 4, 2016

6

date of Mr. Winns's initial contact with the EEO Office, and the description of Mr. Winns's claims of "discrimination on the basis of race, religion and retaliation." *See* Dkt. No. 17-2, Ex. F at 34. The Court also takes judicial notice of an August 18, 2021 letter from the EEOC to Mr. Winns in which the EEOC confirms USPS's compliance with the EEOC's decision directing payment of $30,020 in compensatory damages. Dkt. No. 17-2, Ex. B. The Court has also considered the documents appended to Mr. Winns's complaint, namely, the October 2014 removal notices, as well as the EEOC decisions dated February 5, 2019, March 8, 2021 and April 15, 2021. *See* Dkt. No. 1, Exs. A-B, D-F. As noted above, however, the Court does not take notice of disputed facts or statements in any of these documents.

### C.   Title VII Administrative Exhaustion Requirement

While Mr. Winns's complaint is styled as a motion to amend or alter the EEOC's March 8, 2021 decision, his allegations, broadly construed, are that the circumstances leading up to the July 2015 termination constitute unlawful discrimination based on race and religion and retaliation. *See* Dkt. No. 1 ¶¶ 14, 18, 30-32; Dkt. No. 17-2, Ex. F at 34. The parties do not dispute that Mr. Winns essentially seeks to state a Title VII claim. *See* Dkt. No. 17 at 2; Dkt. No. 18 at 3.

To bring a claim under Title VII, Mr. Winns must exhaust his administrative remedies by filing a timely charge with the EEOC. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Federal employees complaining of discrimination by a government agency "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). "Although it does not carry the full weight of statutory authority, failure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim." *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002). "This deadline constitutes an administrative requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id*. at 1105 n.5 (internal quotations and citation omitted); *see also* 29 C.F.R. § 1614.105(a)(2) ("The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably

should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.").

USPS's motion to dismiss is premised on its contention that Mr. Winns received the May 4, 2015 removal notice on May 6, 2015, but did not contact an EEO counselor until April 4, 2016, well over 45 days after the removal notice issued and his termination became effective. Dkt. No. 17 at 5. The Court has taken judicial notice of the fact that Mr. Winns first contacted an EEO counselor on April 4, 2016 regarding the 2015 termination. *See* Dkt. No. 17-2, Ex. F at 34. Other allegations in Mr. Winns's complaint suggest that he may not have raised issues concerning the 2015 termination with the EEOC until he petitioned for enforcement of its February 5, 2019 decision. *See* Dkt. No. 1 ¶ 36.

Nevertheless, in his complaint Mr. Winns denies receiving notice that USPS rescinded the 2014 removal notices and instructed him to return to work, and he disputes that he received the May 4, 2015 removal notice when USPS says he did. In essence, Mr. Winns seems to claim that the documentation and circumstances leading up to the July 2015 termination were concocted by USPS to make it appear as if USPS had a legitimate reason to fire him, when he claims it had no basis to terminate his employment. Dkt. No. 1 ¶¶ 34, 39, 44, 46. Without converting the present Rule 12(b)(6) motion into one for summary judgment, the Court cannot properly take judicial notice of USPS's assertion that Mr. Winns received the May 4, 2015 removal notice on May 6, 2015. Moreover, under the applicable legal standard, the Court must, for present purposes, treat all material allegations in the complaint as true and construe them in the light most favorable to Mr. Winns. *Navarro*, 250 F.3d at 732. Accordingly, the Court concludes that the question whether Mr. Winns properly exhausted his Title VII claim cannot properly be resolved on the present motion. While it remains to be seen whether USPS ultimately will prevail on the exhaustion issue, USPS's present Rule 12(b)(6) motion to dismiss is denied, without prejudice to USPS to renew the issue in a motion for summary judgment.

8

### D. Payment of Compensatory Damages

In his complaint, Mr. Winns asserts that on April 15, 2021, the EEOC directed USPS to pay him $30,020 in compensatory damages within 60 days from the issuance of that decision. Dkt. No. 1 ¶¶ 56-59 & Ex. D. As of the June 4, 2021, the date he filed his complaint, Mr. Winns says that the $30,020 still had not been paid. However, the Court notes that as of that date the 60-day payment period had not yet expired. USPS argues that it has paid Mr. Winns the $30,020 as directed, and it submits a letter from the EEOC to Mr. Winns, confirming the same. *See* Dkt. No. 17-2, Ex. B. Mr. Winns has not disputed the authenticity of the EEOC's letter confirming USPS's payment, nor has he addressed or disputed that he received the compensatory damages awarded to him. Accordingly, the Court grants USPS's motion to dismiss as to the alleged nonpayment of the $30,020 compensatory damages award. *See generally Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019) (stating that a matter becomes moot when it no longer presents a live issue, the parties lack a legally cognizable interest in the outcome, or the challenged conduct is so altered that it now presents a substantially different controversy).

### III. MR. WINNS'S MOTION TO AMEND

#### A. Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

#### B. Discussion

Mr. Winns states that "[w]ithout substantively altering [his] original complaint," he seeks leave to amend to plead Title VII claims for discrimination based on race/ancestry and religion

(Claims 1 and 9). Dkt. No. 21 at 2. He also seeks to assert additional federal and state claims: harassment based on race, California Government Code § 12940 (claim 2); failure to take reasonable steps to prevent hostile work environment and/or retaliation, California Government Code § 12940 (claim 3); race/ancestral discrimination, 42 U.S.C. § 1981 (claim 4); conspiracy, 42 U.S.C. § 1985 (claim 5); retaliation, California Labor Code § 1102.5 (claim 6); negligent supervision, California Civil Code § 2338 (claim 7); Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623, *et seq.* (Claim 8); fraud (claim 10); violation of due process under the Fifth Amendment of the U.S. Constitution (claim 11). *See* Dkt. No. 21 at 2; Dkt. No. 22 ¶¶ 90-154.

For the reasons discussed below, Mr. Winns's motion to amend his complaint is denied.

Mr. Winns is not entitled to amend his complaint as a matter of course. As relevant here, a party may amend its pleading once as a matter of course "21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.*" Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). USPS's Rule 12(b)(6) motion to dismiss was filed on December 9, 2021. Dkt. No. 17. Mr. Winns did not move to amend his complaint until nearly two months later on January 27, 2022. Dkt. No. 21.

### 1. Title VII Claims (Claims 1 and 9)

Mr. Winns's motion to plead Title VII claims for discrimination based on race/ancestry and religion (Claims 1 and 9) is denied as moot. As discussed above, broadly construed, Mr. Winns's complaint essentially seeks to state a claim under Title VII for discrimination based on race and religion and retaliation. *See* Dkt. No. 1 ¶¶ 14, 18, 30-32; Dkt. No. 17-2, Ex. F at 34. While USPS contends that Mr. Winns has not stated a viable claim for relief based on his alleged failure to properly exhaust his claim, USPS's motion to dismiss on that basis has been denied, and at present Mr. Winns's Title VII claims as stated in his original complaint remain viable.

### 2. ADEA Claim (Claim 8)

Under the ADEA, "[a]ll personnel actions affecting employees . . . who are at least 40 years of age . . . in the United States Postal Service . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). To state a claim for age discrimination under the ADEA, a

plaintiff must allege that he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (internal quotations and citation omitted). Mr. Winns's proposed amended complaint impliedly suggests that he is over 40 years old and asserts, in highly conclusory fashion, that he "was wrongfully discharged due to his age," and that "Defendant DeJoy or the government targeted him due to his age." The proposed amended complaint otherwise alleges that the discrimination would not have occurred "had [Mr. Winns] been white/Caucasian." Dkt. No. 22 ¶¶ 134, 137, 141.

Mr. Winns's proposed amended complaint does not plead sufficient facts that would give rise to an inference of age discrimination. Nor does the Court find any basis to conclude that such facts plausibly could be alleged. Moreover, there is no indication that Mr. Winns gave the EEOC requisite notice of his intent to sue under the ADEA. *See Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) ("an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit."); *see also* 29 U.S.C. § 633a(d)) ("When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. . . ."); 29 C.F.R. § 1614.201(a) ("As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action.").

Mr. Winns's motion to file an amended complaint to add an ADEA claim is denied.

### 3. Remaining Claims

As noted above, Mr. Winns's remaining claims are for harassment based on race, California Government Code § 12940 (claim 2); failure to take reasonable steps to prevent hostile work environment and/or retaliation, California Government Code § 12940 (claim 3); race/ancestral discrimination, 42 U.S.C. § 1981 (claim 4); conspiracy, 42 U.S.C. § 1985 (claim 5);

1   retaliation, California Labor Code § 1102.5 (claim 6); negligent supervision, California Civil Code
2   § 2338 (claim 7); fraud (claim 10); violation of due process under the Fifth Amendment of the
3   U.S. Constitution (claim 11). Dkt. No. 22 ¶¶ 95-131, 142-43, 146-54.

4   Title VII is the exclusive remedy for claims of discrimination and retaliation arising out of
5   federal employment. *Brown v. Gen'l Servs. Admin.*, 425 U.S. 820, 829 (1976) (stating that Title
6   VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal
7   employment discrimination."); *Scott v. Perry*, 569 F.2d 1064, 1065 (9th Cir. 1973) (applying
8   *Brown* and concluding that "that section 2000e-16 is the exclusive remedy for discriminatory
9   federal employment practices."). While Title VII does not preclude separate remedies for conduct
10  involving something other than discrimination, *White v. Gen'l Servs. Admin.*, 652 F.2d 913, 917
11  (9th Cir. 1981), "Title VII is the exclusive remedy for all acts of discrimination by the federal
12  government, whether the alleged discrimination is based on race, religion, sex, national origin, or
13  retaliation," *Phelps v. U.S. Gen's Servs. Agency*, No. C 07-01055 JSW, 2008 WL 4287941, at *2
14  (N.D. Cal. Sept. 17, 2008). *Cf. Brock v. United States,* 64 F.3d 1421, 1423 (9th Cir.1995)
15  (concluding that plaintiff's claims for rape and sexual assault involved more than just
16  discrimination and Title VII therefore was not the plaintiff's exclusive remedy).

17  Mr. Winns's remaining proposed claims are all based on the same facts underlying his
18  Title VII claims for discrimination and retaliation, namely that USPS discriminated and retaliated
19  against him with regard to his request for religious accommodation and by manufacturing
20  documentation relating to the alleged rescission of the 2014 removal notices, the purported offer to
21  return to work, and the July 2015 termination. Accordingly, these claims are precluded, and Title
22  VII is Mr. Winns's exclusive remedy. *See, e.g., Nolan v. Cleland*, 686 F.2d 806, 815 (9th Cir.
23  1982) ("The holding of *Brown, supra*, is controlling on this issue and we feel that such holding
24  cannot be circumvented where the factual predicate for [plaintiff]'s due process claim is the
25  discrimination which is the basis of her Title VII claim."); *Phelps,* 2008 WL 4287941 at *2
26  (dismissing state and common law claims for age discrimination, failure to maintain an
27  environment free from harassment, retaliation, breach of implied contract, breach of the implied
28  covenant of good faith and fair dealing, defamation-slander, and intentional infliction of emotional

United States District Court
Northern District of California

distress, as all claims were based on the same factual predicate as the Title VII claims).

Mr. Winns's motion for leave to amend his complaint to add proposed claims 2-7 and 10-11 is denied.

## IV. CONCLUSION

Based on the foregoing, USPS's Rule 12(b)(6) motion to dismiss the complaint is granted in part and denied in part. Mr. Winns's motion for leave to amend his complaint is denied.

USPS shall file its answer to Mr. Winns's complaint (Dkt. No. 1) within 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: March 7, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge