UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRIS L. WINNS,<br><br>        Plaintiff,<br><br>    v.<br><br>LOUIS DEJOY,<br><br>        Defendant. | Case No. 21-cv-04264-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TERMINATING SANCTIONS**<br><br>Re: Dkt. No. 38 |

    Pro se plaintiff Harris Winns brought this action for alleged employment discrimination by the United States Postal Service ("USPS"). He now moves for "terminating sanctions" pursuant to Rule 11 and the Court's "inherent power" on the ground that the defendant has "perpetrat[ed] a fraud upon the Court." Dkt. Nos. 38, 39. Mr. Winns seeks entry of judgment in his favor on the merits of his claims. *See* Dkt. No. 38 at 6. Defendant opposes the motion. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies Mr. Winns's motion for sanctions.

    By presenting a pleading, written motion, or other papers to the Court, an attorney or unrepresented party certifies that to his or her best knowledge, information and belief formed after reasonable inquiry under the circumstances, the paper (1) "is not being presented for any improper purpose"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"; and (4) "the denials of factual contentions are warranted on the evidence or, if

specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Courts have inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The Ninth Circuit has held that sanctions are available under a court's inherent power if "the court specifically finds bad faith or conduct tantamount to bad faith," including "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

Mr. Winns has not demonstrated that sanctions are warranted under either Rule 11 or the Court's inherent authority. Nor has he established that such sanctions properly may be imposed under Rule 9, Rule 60, or for the alleged violation of various provisions of the California Penal Code. While Mr. Winns suggests that defense counsel failed to properly sign documents submitted to the Court, the Court finds nothing improper about the fact that defense counsel's legal assistant signed a certificate of service. *See* Dkt. No. 42 at 7 (citing Dkt. No. 17-3 at 2). Mr. Winns contends that a certain document in the underlying administrative record contains factual inaccuracies and that other documents demonstrate that USPS fabricated evidence when it terminated his employment. *See* Dkt. No. 38 at 2-3, 5-6. Mr. Winns apparently has found what he believes to be evidence that ultimately will support his claims of employment discrimination against USPS. But he has not established that defendant made misrepresentations or material misstatements in papers presented to the Court, warranting the imposition of sanctions in the form of judgment in his favor on the merits.

Accordingly, Mr. Winns motion for "terminating sanctions" is denied. This ruling is without prejudice to Mr. Winns presenting evidence he believes supports his claims, at the

United States District Court / Northern District of California

Case 5:21-cv-04264-VKD   Document 43   Filed 06/22/22   Page 3 of 3

appropriate stage of the litigation (e.g., at summary judgment).

**IT IS SO ORDERED.**

Dated: June 22, 2022

*[signature: Virginia K. DeMarchi]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge