UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRIS L. WINNS,<br>         Plaintiff,<br>   v.<br>LOUIS DEJOY,<br>         Defendant. | Case No. 21-cv-04264-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE COSTS**<br><br>Re: Dkt. No. 70 |

Plaintiff Harris Winns, who is representing himself, filed this action against Louis DeJoy in his capacity as the Postmaster General of the U.S. Postal Service ("USPS")[1] for alleged employment discrimination and retaliation under Title VII, 42 U.S.C. § 2000e-16. On October 31, 2022, the Court granted defendant's motion for summary judgment and entered judgment accordingly. *See* Dkt. Nos. 63, 64. Mr. Winns's appeal of that judgment is pending. *See* Dkt. No. 66.

On November 8, 2022, defendant timely submitted a bill of costs for Mr. Winns's deposition. Dkt. No. 65; Fed. R. Civ. P. 54(d). On March 13, 2023, the Clerk of the Court taxed those costs. Dkt. No. 69. Mr. Winns now moves for an order vacating those costs. Dkt. No. 70.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court

---

[1] For simplicity, the Court refers to defendant as "USPS."

1  discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

Mr. Winns's motion to vacate costs is denied as untimely. As discussed above, USPS timely filed its bill of costs within 14 days after the entry of judgment. *See* Civil L.R. 54-1(a) ("No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs. . . ."). The docket indicates that Mr. Winns received electronic notice of that bill of costs on the same day it was filed. *See* Dkt. No. 65; *see also* Dkt. No. 70 at 2. If Mr. Winns objected to the bill of costs, his objections should have been filed no later than November 22, 2022. *See* Civil L.R. 54-2(a) ("Within 14 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection."). The Court received no objection from Mr. Winns by the November 22, 2022 deadline. The Clerk of the Court proceeded to tax those costs on March 13, 2023 (Dkt. No. 69). *See* Civil L.R. 54-4(b) ("No sooner than 14 days after a bill of costs has been filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2."). "On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d). Mr. Winns's present motion to vacate the costs was filed nearly two months too late. He did not seek leave to file an untimely motion and has not provided any excuse for his delay.

Accordingly, Mr. Winns's motion to vacate costs is denied.

**IT IS SO ORDERED.**

Dated: June 20, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge